IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No.   01-cv-1690-WDM-MJW

CONAIL CROSS,

    Plaintiff,

v.

THE HOME DEPOT,

    Defendant.

**ORDER**

Miller, J.

    Following remand from the Tenth Circuit Court of Appeals, Defendant tendered a filing arguing that because Plaintiff had previously dismissed his Title VII failure to promote claim with prejudice, which encompassed Defendant's conduct beginning April 19, 1999, he cannot now pursue a § 1981 failure-to-promote claim based on conduct that occurred after that date, based on the principles of law of the case and collateral estoppel, or more properly, "direct" estoppel.  At a hearing held June 24, 2005, I generally ruled against Defendant, finding that the issue of whether Defendant had discriminated against Plaintiff after April 19, 1999 had not been subject to a finding by myself or a jury, and therefore had not been "adjudicated on the merits" for purposes of issue preclusion.  *See Arizona v. California*, 530 U.S. 392, 414 (2000) ("the general rule [is] that issue preclusion attaches only when an issue of fact or law is actually litigated and determined by a valid and final judgment, and the

determination is essential to the judgment"). *United States v. Botefuhr*, 309 F.3d 1263, 1282 (10th Cir. 2002) ("[i]In the issue preclusion context, the underlying issue must have been adjudicated on the merits"); *Amadeo v. Principal Mutual Life Ins. Co.*, 290 F3d 1152, 1159 (9th Cir. 2002) ("[a] voluntary dismissal of a claim prior to any adjudication and without any stipulated findings of fact does not actually litigate any issue").

However, at the hearing the parties made reference to a stipulation made at trial regarding the July 30, 1999 "downgrading" of Plaintiff's promotability status. Because I was unclear how this stipulation should fit into my analysis, I reserved ruling on whether Defendant was entitled to a preclusive ruling on the basis of this stipulation.

The introductory jury instructions reflecting the stipulation provide as follows: "[o]n July 30, 1999, plaintiff was downgraded from a promotable to an unpromotable category and thereafter was not considered for promotion to Store Manager." (Jury Inst. No. 4, ¶ 8.) Additionally, I note that in my order on Defendant's motion for summary judgment, I made a similar finding, noting that "[i]t is undisputed that Cross was downgraded and therefore considered non-promotable on July 30, 1999." (Dec. 4, 2002 order, at 6.) Neither my order, nor the parties' stipulation, preclude a finding that Defendant discriminated against Cross after July 30, 1999, nor do they alter the analysis of my oral ruling at the June 24, 1999 hearing.

Accordingly, it is ordered that Plaintiff may base his § 1981 claim on events from August 27, 1997 until August 27, 1999.

DATED at Denver, Colorado, on June 27, 2005.

BY THE COURT:

/s/ Walker D. Miller
United States District Judge

PDF FINAL